STATE OF MINNESOTA

IN SUPREME COURT

A16-1367



FILED

August 31, 2016

OFFICE OF
APPELLATE COURTS

Tyler Vasseur, et al., petitioners,

Respondents,

vs.

City of Minneapolis, et al.,

Appellants,

Ginny Gelms, in her official capacity
as Elections Manager, Hennepin County,

Respondent.

O R D E R

On August 5, 2016, the Minneapolis City Council considered a petition to place a question on the ballot for the general election on November 8, 2016 that would ask city voters whether to amend the Minneapolis City Charter by adopting a provision regarding a proposed minimum wage. Following a vote, the City Council directed the City Clerk not to submit the proposed charter amendment to the County Auditor as a ballot question for placement on the ballot for the general election. On August 8, 2016, respondents Tyler Vasseur, et al. filed a petition in the district court, pursuant to Minn. Stat. § 204B.44 (Supp. 2015), for correction of a ballot error and for a declaratory judgment directing the City Clerk to forward the proposed charter amendment to the Hennepin County Elections

1

Manager for inclusion on the November general election ballot. Following briefing, the district court filed an order on August 22, 2016 that granted the petition after concluding that the proposed charter amendment was not unconstitutional and did not directly conflict with state law. The district court therefore ordered the city and county respondents to prepare the ballot for the general election by including the question regarding the proposed charter amendment.

On August 23, 2016, appellants City of Minneapolis, et al. filed a notice of appeal with the court of appeals and filed a petition for accelerated review pursuant to Minn. R. Civ. App. P. 118. We granted the petition on August 24, 2016, and following briefing, held oral argument on August 30, 2016.

Minnesota Statutes chapter 410 contains provisions relating to the framing and amendment of municipal charters. Minn. Stat. §§ 410.07, 410.12 (2014). Although a municipal charter "may . . . provide for submitting ordinances to the council by petition of the electors of [a] city," Minn. Stat. § 410.20 (2014), the Minneapolis City Charter does not include such a provision. The Minneapolis City Charter instead vests in the City Council "the City's general legislative and policymaking authority." Minneapolis City Charter, art. IV, § 4.1(a). We conclude that the district court erred in granting the petition because Minn. Stat. ch. 410 (2014), and the Minneapolis City Charter do not authorize the proposed charter amendment. *See Davies v. City of Minneapolis*, 316 N.W.2d 498, 504 (Minn. 1982) (recognizing that a "City Council must have the authority to avoid what would amount to a futile election and a total waste of taxpayers' money").

Based upon all the files, records, and proceedings herein,

2

IT IS HEREBY ORDERED that the decision of the district court be, and the same is, reversed, the judgment of the district court is vacated, and this case is remanded to the district court with directions to dismiss the petition filed by respondents Tyler Vasseur, et al., and to enter judgment in favor of appellants the City of Minneapolis, et al., and respondent Ginny Gelms, in her official capacity as Elections Manager, Hennepin County.

IT IS FURTHER ORDERED that so as not to impair the orderly election process, this order is issued with opinion to follow.

Dated: August 31, 2016    BY THE COURT:

Lorie S. Gildea
Chief Justice

DIETZEN, J., STRAS, J., LILLEHAUG, J., and CHUTICH, J., took no part in the consideration or decision of this case.

PETERSON and BJORKMAN, Acting Justices, appointed pursuant to Minn. Const. art VI, § 2, and Minn. Stat. § 2.724 (2014).

3